## DE LAVAL SEPARATOR CO. v. VERMONT FARM MACH. CO.

### (Circuit Court of Appeals, Second Circuit. November 25, 1904.)

1. PATENTS—SEPARATE INVENTIONS OF JOINT PATENTS—CREAM SEPARATORS.
    The Melotte and Reuther patent, No. 521,722, for improvements in cream separators, is void, as covering separate inventions of the joint patentees.

2. SAME—ESTOPPEL OF PATENTEE.
    There is no estoppel which prevents a patentee from testifying contrary to the oath made by him when applying for the patent in a suit between his assignee and a third party.

Appeal from the Circuit Court of the United States for the District of Vermont.

For opinion below, see 126 Fed. 536.

Geo. J. Harding, for appellant.

Geo. L. Roberts, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is an appeal from a decree dismissing the bill of complaint in an action to restrain infringement of the patent to Jules Melotte and Wilhelm Reuther for improvements in "centrifugal creamers" granted June 19, 1894, upon an application filed by them August 24, 1893. The principal defenses urged in the court below and in this court were (1) that Melotte and Reuther were not the joint inventors, and the subject-matters of the claims were invented by Melotte alone; and (2) that the inventions of the claims had been patented by Jules Melotte in patents granted to him in Belgium February 29, 1892, in Germany March 13, 1892, in France August 1, 1892, and in England August 12, 1892. The court below adjudged the patent invalid upon the ground that the defense that Melotte and Reuther were not the joint inventors was satisfactorily established. With this conclusion we are constrained to agree, though we do so with regret, because the defense is purely technical, and destroys a meritorious patent, purchased by the complainant in ignorance of its infirmity, and at a very considerable price. Upon strict considerations the second defense may be said to be more incontestably established than the first, because there is no evidence in the record tending to

show that the subject-matter of the foreign patents granted to Melotte alone was actually the invention of Melotte and Reuther; and in the absence of such evidence, as those patents are antecedent in date to the application for the present patent, and are not granted to the same persons, and clearly describe the inventions described and claimed in the present patent, the defense that they anticipate the present patent must necessarily prevail.    Upon those patents being proved by the defendant, the burden of proof was cast upon the complainant to show that Melotte and Reuther were earlier inventors.    But the first defense, to our minds, is indubitably proved, and any consideration of the second is consequently unnecessary.

Giving due weight to the presumptions of validity which arise from the grant of the patent, the convincing force of the proof that Melotte was the sole inventor cannot be disregarded, notwithstanding the proof consists of his own testimony and the corroboration which it derives from the fact that the foreign patents were obtained by him alone.    Although he was produced as a witness by the defendant, it is apparent from his testimony that he was a reluctant witness, not trying to defeat the patent which he and Reuther had sold to the complainant, but stating facts which his conscience would not allow him to deny.    He was an intelligent and candid witness, and, although he was careful not to volunteer any explanatory statements in elucidation of those elicited by his examination, his testimony was full and explicit.    It proved beyond any fair doubt that the improvements claimed in the patent were his sole invention, and that Reuther was the inventor of certain other improvements described in the patent and illustrated by some of the drawings in modification of the improvements specifically claimed.    It is true that the testimony of an inventor in derogation of the validity of his own patent is usually open to suspicion; and in a case like this, where he has made oath, for the purpose of obtaining a joint patent, that he and another inventor were the joint inventors of the subject-matter, the court should reject his subsequent testimony to the contrary, unless it carries a clear conviction that he did not intend to falsify originally, but made the oath under misapprehension or mistake.    In this case the applicants were foreigners, supposedly unfamiliar with our law of patents; and they had agreed to be joint owners of the patent.    Each had devised improvements which were within its general scope, and those which had been the work of Reuther were disclosed and illustrated in the specification and drawings, as well as were those which were the work of Melotte.    Thus both had contributed to the invention in its entirety.    Under these circumstances it is not strange that they did not discriminate between the things devised and the things which were not necessarily covered by the claims, and that they should have considered themselves joint inventors of the entirety, although some of the improvements were independently devised by one and some of them by the other.

The argument for the appellant has rested exclusively upon the controlling weight to be given to the oath of the patentees when applying for the patent, and, indeed, it has been urged that the testimony of Melotte was incompetent upon the theory that he is estopped as against the bona fide owners of the patent from contradicting the oath.    We

are not aware of any rule of evidence or any principle of estoppel which precludes a witness who has testified incorrectly, or even falsely, on a former occasion, from telling the truth later. Melotte and Reuther might be estopped from asserting that they were not joint inventors in a suit against them by the owner to enforce the patent, but a third party, who is in no way in privity with them or with the owner, cannot be affected by an estoppel. It appears in the record that Reuther was living and accessible when the proofs were taken, and declined to be interviewed by a representative of the defendant. Melotte previously, upon the advice of a representative of the complainant, had refused to be interviewed by a representative of the defendant. It would seem that it would have been wiser for the complainant to produce Reuther if his testimony would have been favorable, or explain the reason why he was not produced, than to rest its case solely upon the presumption raised by the oath of the patentees when applying for the patent.

We think the court below reached a correct conclusion, and that the decree should be affirmed.

Decree affirmed, with costs.