## CAMPBELL v. SKINNER.
### SAME v. L. B. SKINNER MFG. CO.
#### (District Court, S. D. Florida. January 7, 1916.)

1. PATENTS ⬮324(1)—INFRINGEMENT SUIT—NOTICE.
    Where plaintiff, suing for infringement of his patent, did not on the hearing object to the testimony of witnesses as to the invalidity of the patent on the ground that he had not been given notice in accordance with Rev. St. § 4920 (Comp. St. 1913, § 9466), he must be held to have waived the notice provided for, which was intended to prevent surprise.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 600, 604, 605; Dec. Dig. ⬮324(1).]

2. ESTOPPEL ⬮65—GROUNDS—INFRINGEMENT—ESTOPPEL OF PATENTEE.
    There is no estoppel, preventing a patentee from testifying contrary to oath made by him when applying for the patent, in a suit between his assignee and a third party.

    [Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 155–158; Dec. Dig. ⬮65.]

3. PATENTS ⬮328—INVALIDITY—ANTICIPATION.
    The Maull patent, No. 1,071,472, for a fruit sizing machine, claims, 2, 3, 4, 5, 7, 15, and 16, *held* invalid for anticipation where they were covered by prior patents, or machines covering the claims were made and sold more than two years prior to the making of the application, and so not infringed.

In Equity. Suits by J. P. Campbell against L. B. Skinner, and by J. P. Campbell against the L. B. Skinner Manufacturing Company which were heard together. Bill dismissed in each instance.

⬮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Marks, Marks & Holt, of Jacksonville, Fla., and McGill & Maguire, of Washington, D. C., for complainant.

L. W. Baldwin, of Jacksonville, Fla., and William Hunter and Munn & Munn, all of New York City, for defendant.

CALL, District Judge. By stipulation of counsel the two cases were heard together, the decision in one suit to be controlling in the other. It was also stipulated by counsel that L. B. Skinner is the owner of patent No. 1,071,472, and that the L. B. Skinner Manufacturing Company is manufacturing and selling fruit-sizing machines under the said patent. It was also stipulated that the machines manufactured and sold by the Skinner Manufacturing Company were shown by photographs marked Exhibit A. By stipulation affidavits of experts were introduced, as well as oral testimony and various exhibits, patents, models, machines, etc., filed in evidence.

[1] A motion was made by the plaintiff to strike the testimony of the witnesses, Bailey & Maull, because no notice was given to section 4920 of the Revised Statutes, and that of the witness Maull, because he would not be heard to impeach the validity of the plaintiff's patent; Maull being the patentee, and having sold it to plaintiff.

At the hearing no objection was made on the ground first stated to the testimony of either witnesses, but was first made some days after the hearing and while waiting for plaintiff's brief. Under these circumstances I think the plaintiff must be held to have waived the notice provided for in the statute, which was evidently intended to prevent surprise to the plaintiff. If the plaintiff had been taken by surprise, unquestionably the point would have been made at the hearing.

[2] The objection was made to Maull's testimony that he was estopped, at the hearing, and ruled upon by the court. The case of De Laval Separator Co. v. Vermont Farm Machine Co., 135 Fed. 772, 68 C. C. A. 474, is decisive of the question of estoppel. I therefore deny the motion to strike the testimony of the two witnesses.

The bill of complaint is filed by the plaintiff as owner of the Maull patent, No. 1,035,887, issued on August 20, 1912, against the defendants, to restrain the infringement, and for an accounting; and it is contended that the machines made and sold by defendants infringed claims 2, 3, 4, 5, 7, 15, and 16 of said patent.

The defendants by answer deny the infringement, deny that Maull was the original, first, and sole inventor of the improvements in fruit graders claimed in the patent, and allege that substantial and material parts had been covered by prior patents, naming some 17; also that the patent in question is void, because the claimed improvements were the result of mere mechanical skill and lacking in invention; also void because, for more than two years before the filing of the application, similar devices had been manufactured and publicly sold by various persons, naming some 9 persons.

[3] I have given the testimony careful consideration, and find that each one of the claims of the patent in question were covered by former patents, or the machines covering said claims were made and sold

more than two years prior to the making of the application for the patent in suit.

My other engagements do not permit of an extended discussion of the claims, and I therefore deem it best not to attempt a partial one. I therefore find the equities with the defendants.

A decree will be entered in each case, dismissing the bill, at the costs of the plaintiff.